UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                                   :
In re REFCO, INC. SECURITIES                       :      MASTER FILE NO.
LITIGATION                                         :      05 Civ. 8626 (JSR)
                                                   :
---------------------------------------------------x

OPINION REGARDING "ADVICE OF COUNSEL" DEFENSE AND ATTORNEY-CLIENT
PRIVILEGE

Daniel J. Capra, Special Master

      Lead Plaintiffs in this Securities Class Action request a ruling regarding documents and testimony that the Underwriter Defendants[1] have withheld from discovery on grounds of attorney-client privilege. Specifically, Lead Plaintiffs request an order either that 1) the Underwriter Defendants have already asserted an "advice of counsel" defense and have therefore waived any privilege that otherwise might apply to documents and testimony evidencing work performed by the law firm of Cravath Swain & Moore LLP ("Cravath") in reviewing the Refco IPO for material misstatements; or 2) the Underwriter Defendants are barred from relying on any aspect of the work performed by Cravath in connection with any affirmative defenses to the claims asserted against them in this case.

      The Underwriter Defendants oppose a ruling on either ground, contending that they are not interposing an advice of counsel defense to the strict liability claims brought against them under Sections 11 and 12(2) of the Securities Act. They assert that their defense is for "due diligence," and that defense is not based on legal *advice* from counsel, but rather on the fact that Cravath conducted an investigation of Refco on their behalf that was a part of the Underwriter Defendants' due diligence.

      I have determined that the proper resolution of this dispute, at least for now, is to require the Underwriter Defendants to clarify and state specifically, for the record, that they are not relying on

---

[1] The Underwriter Defendants are Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, J.P. Morgan Securities, Inc., HSBC Securities (USA) Inc., William Blair and Company, LLC, BMO Capital Markets, Inc., Samuel A. Ramirez & Company, Inc., CMG Institutional Trading LLC, Muriel Siebert & Co., Inc., The Williams Capital Group, L.P., and Utendahl Capital Partners, L.P.

1

"advice of counsel" in defending the claims under Section 11 and 12(2). See *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 936320, at *1 (S.D.N.Y. May 3) (given various references in depositions to "advice of counsel" in pursuing a due diligence defense, "the Underwriter Defendants [must] notify the Lead Plaintiff in writing, explicitly and unambiguously, that they do not intend to rely on an advice of counsel defense.").

Underwriter Defendants have submitted a letter to the Special Master, dated December 1, 2009, confirming that "the Underwriter Defendants are not asserting a reliance on the advice of counsel as a defense to Plaintiffs' strict liability claims under Sections 11 and 12(2) of the Securities Act of 1933."[2] I find that this is a statement that, for now, means that the Underwriter Defendants have not effected a subject matter waiver of confidential communications between any of the Underwriter Defendants and Cravath.[3]

There is a difference between relying on counsel's work product and relying on "advice of counsel." The Underwriter Defendants, at least so far, have contended that they are relying on the *investigation* of Refco that was conducted by Cravath, and not — for purposes of a defense in this case — on any legal advice received from Cravath based on confidential communications. The investigation into Refco is not privileged, because it was not based on confidential communications from the client.[4] So for example, when Jeffrey Sloan, a partner at Goldman Sachs, stated in a deposition that "I relied on Cravath as our counsel to ensure that the Registration Statement among other things was accurate"[5] that reliance was on Cravath's non-privileged investigation into Refco, and not on any advice rendered through privileged communications with the Underwriter.

That said, Lead Plaintiffs have an understandable concern that the continual use of the term "advice of counsel" might be considered a reference to an exchange of confidential communications between Underwriter Defendants and Cravath. Such references could be taken by a factfinder as an attempt to somehow establish due diligence by relying on advice from a lawyer that the Underwriter

---

[2] The Underwriter Defendants' Letter is attached to this Opinion.

[3] The Second Circuit has counseled caution before finding at "at issue" or subject matter waiver of the attorney-client privilege. See *In re County of Erie*, 546 F.3d 222, 229-30 (2d Cir. 2008) (holding that a client must specifically rely on counsel as relevant to a defense before a subject matter waiver will be found; and finding no waiver on the basis of some statements by a deponent referring to counsel's advice).

[4] Underwriter Defendants, in their papers, seek to draw a distinction between "business advice" (i.e., the investigation of Refco) and legal advice. The real distinction, however, is between legal work that is not based on confidential communications and legal work that is. When a law firm conducts a due diligence review of a non-client, that is legal work that is not based on the client's confidential communications.

[5] Exhibit E to Lead Plaintiffs' Letter to the Special Master dated November 30, 2009 at 179:18-180:2.

2

Defendants *had in fact engaged in a sufficient review*. If reference to "advice of counsel" could be interpreted as advice to the Underwriter Defendants about due diligence — and yet the Underwriter Defendants were allowed to maintain their claim of privilege — Lead Plaintiffs would be prejudiced at a trial on the due diligence question.

But fortunately this will not be the case. The Underwriter Defendants candidly admit that any reliance on counsel's legal advice to them— such as, hypothetically, that the due diligence standard had been met— is *irrelevant* to the due diligence defense to the Lead Plaintiffs' strict liability claims. The due diligence defense "turns on the objective reasonableness of the Underwriters' investigation"— not on good faith — and therefore the Underwriter Defendants "could not use reliance on advice of counsel to support their defense."[6] Accordingly, any attempt to rely on "advice of counsel" — as distinguished from counsel's investigation of Refco — as proof of due diligence would be prohibited at trial under Fed. R. Evid. 401.[7] So any unfairness or prejudice to Lead Plaintiffs will be prevented without the need for waiver of the privilege.

I note that in the Answer filed by Credit Suisse et al., the Underwriters in their Eighth Affirmative Defense claim that they acted "at all times in good faith and had no knowledge, and were not reckless in knowing, that any alleged statement or omission was false or misleading." In light of their letter to the Special Master, supra, I conclude that the Underwriters have necessarily abandoned any reliance on good faith in defending against Plaintiffs' strict liability claims under Sections 11 and 12(2) of the 1933 Act. If a good faith defense to those claims *is* raised or revived at a later point, then Lead Plaintiffs will be free to raise the question of advice of counsel waiver. See *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) (by maintaining good faith compliance with securities laws, defendant interposed an advice of counsel defense that justifies a subject matter waiver).

It is also important to note that if "advice of counsel" were somehow *improperly* interjected into a trial — i.e., interposed as part of a due diligence defense even though irrelevant — the trial court could at that point find a waiver and require the production and admission of privileged communications to remove any unfair prejudice. See generally *United States v. Baird*, 29 F.3d 647 (D.C.Cir. 1994) ("Once the door is opened, the other party can get through it otherwise irrelevant evidence to the extent necessary to remove any unfair prejudice which might otherwise have ensued.") (internal citation omitted). See also Fed. R. Evid. 502(a) (providing for subject matter waiver where privileged communications ought in fairness to be considered). But while there may come a time at which the court may need to intervene to protect Plaintiffs from an affirmative use of "advice of counsel," that time is not now.

---

[6] Underwriter Defendants' Letter to the Special Master dated December 12, 2009 at 8-9.

[7] To the extent that a jury might be confused by the distinction between the non-privileged work of counsel and the privileged advice of counsel, that confusion could be allayed in part by an instruction under Fed. R. Evid. 105.

The Special Master will work with the parties to review privilege disputes on a case-by-case basis. This may of course include revisiting the "advice of counsel" question at a later date. I suggest that the distinction between "advice of counsel" and "relying on the investigation of counsel" should be adhered to as closely as possible in future discovery proceedings.

Daniel J. Capra
Special Master

Dated: January 4, 2010
New York, New York

WILMERHALE

Lori A. Martin

+1 212 295 6412(t)
+1 212 230 8888(f)
lori.martin@wilmerhale.com

December 21, 2009

**VIA E-MAIL AND FIRST CLASS MAIL**

Professor Daniel J. Capra
Philip D. Reed Professor of Law
Fordham University School of Law
140 West 62nd Street, Room 416
New York, NY 10023-7485

Re: *In re Refco, Inc. Sec. Litig.,* 05 Civ. 8626 (S.D.N.Y.) (JSR)

Dear Professor Capra:

We are writing in response to your request of December 18, 2009, seeking confirmation that the Underwriter Defendants are not asserting a reliance on advice of counsel defense to the Section 11 and 12(2) claims in the Second Amended Consolidated Class Action Complaint.[1] In accordance with your request, we are writing to confirm that the Underwriter Defendants are not asserting a reliance on the advice of counsel as a defense to Plaintiffs' strict liability claims under Sections 11 and 12(2) of the Securities Act of 1933.

The Underwriter Defendants are continuing to rely on other defenses (including a traditional due diligence defense). In that respect, the Underwriter Defendants and their transactional counsel, Cravath, Swaine & Moore ("Cravath"), have produced numerous non-privileged documents that comprise part of the documentary record of the Refco LBO and Refco IPO transactions and the due diligence in each transaction, including the extent to which Cravath was involved in such matters. These documents include memoranda documenting due diligence meetings and teleconferences with third parties, drafts of the offering documents shared with third parties, correspondence with other parties to the offerings, and communications between Cravath and the underwriters that do not include the request for, or provision of, legal advice. Additionally, more than thirty witnesses for the Underwriter Defendants – including the Cravath partner who supported the underwriters' due diligence efforts – have appeared for deposition and testified

---

[1] The Underwriter Defendants are Credit Suisse Securities (USA) LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, J. P. Morgan Securities Inc., HSBC Securities (USA) Inc., William Blair & Company, L.L.C., BMO Capital Markets Corp., CMG Institutional Trading LLC, Samuel A. Ramirez & Company, Inc., Muriel Siebert & Co., Inc., The Williams Capital Group, L.P., and Utendahl Capital Partners, L.P.

freely and extensively as to the non-privileged factual record of Cravath's involvement in the Refco LBO and IPO.

Respectfully submitted,

Lori A. Martin

Cc: WH Refco Securities All E-mail Distribution List (by e-mail)