UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE REFCO, INC. SECURITIES LITIGATION : No. 05 CV 8626 (JSR)

:

------------------------------------------------------------x

## [AMENDED] [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH THE AUDIT COMMITTEE AND THL DEFENDANTS

WHEREAS, a consolidated class action is pending in this Court entitled In re Refco, Inc. Securities Litigation, No. 05 Civ. 8626 (JSR) (S.D.N.Y.) (the "Action");

WHEREAS, Lead Plaintiffs RH Capital Associates LLC and Pacific Investment Management Company LLC ("Lead Plaintiffs"), on behalf of themselves and the class of persons and entities defined below, and Defendants Ronald L. O'Kelley, Leo R. Breitman, Nathan Gantcher, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P., Thomas H. Lee Equity (Cayman) Fund V, L.P., Thomas H. Lee Partners, L.P., THL Equity Advisors V, LLC, Thomas H. Lee Investors Limited Partnership, The 1997 Thomas H. Lee Nominee Trust, Thomas H. Lee, David V. Harkins, Scott L. Jaeckel and Scott A. Schoen (the "Settling Defendants" and, together with the Lead Plaintiffs, the "Settling Parties"), have determined to settle all claims asserted against the Settling Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated March 29, 2010 and amended on May 3, 2010 (the "Stipulation"), subject to the approval of this Court (the "Settlement"); and

WHEREAS, the Settling Parties have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, preliminarily certifying a Settlement Class for

1

purposes of the Settlement and allowing notice to the Settlement Class Members as more fully described herein; and

WHEREAS, the Court having read and considered: (a) the Second Amended Consolidated Class Action Complaint, filed in this Action on December 3, 2007; (b) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in support thereof; (c) the Stipulation by and between Lead Plaintiffs and the Settling Defendants and the exhibits attached thereto; and (d) Lead Plaintiffs' motion for (1) preliminary approval of a proposed plan of allocation and (2) authorization to distribute revised and supplemented class notices, and the papers filed and arguments made in support thereof; and

WHEREAS, the capitalized words and terms shall have the same meaning as they have in the Stipulation (certain of which are repeated herein for ease of reference only);

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes due 2012 (CUSIP Nos. 75866HAA5 and/or 75866HAC1) and/or common stock of Refco (CUSIP No. 75866G109) during the period July 1, 2004 through and including October 17, 2005, and who were damaged thereby. Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) any person or entity who was a partner, executive officer, director, controlling person, subsidiary, or affiliate of Refco or of any Defendant during the Class

2

Period; (d) members of the Defendants' immediate families; (e) entities in which Refco or any Defendant has a controlling interest; and (f) the legal representatives, heirs, estates, administrators, predecessors, successors or assigns of any of the foregoing excluded persons and entities; provided however that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Settlement Class is any person and/or entity who or which properly excludes himself, herself or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice to be sent to Settlement Class Members pursuant to this Order. If the proposed Settlement is terminated for any reason or final approval is not granted by the Court, this preliminary certification of the Action as a class action shall be automatically vacated.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action as against the Settling Defendants (and without any adjudication on the merits), the Court preliminarily finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. ("Lead Plaintiffs' Counsel") have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3

3.  **Preliminary Approval of Proposed Settlement** – The Court hereby preliminarily approves the proposed Settlement, as embodied in the Stipulation (including the releases set forth therein), and the proposed plan of allocation (the "Plan of Allocation") as being fair, reasonable and adequate and in the best interests of the Settlement Class, subject to further consideration at a hearing to be conducted as described below.

4.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on October 27, 2010 at 4:00 p.m. in Courtroom 14B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether the Settlement Class should be finally certified for purposes of the Settlement; (c) to determine whether a Final Order and Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Settling Defendants; (d) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 6 of this Order.

5.  The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications that the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

4

6. **Retention of Claims Administrator and Manner of Notice** – Lead Plaintiffs' Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedures as well as the processing of claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Plaintiffs' Counsel as follows:

(a) not later than August 13, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, the Proof of Claim Form and the Plan of Allocation, substantially in the form attached hereto as Exhibits 1, 2 and 4, respectively (collectively the "Notice Packet"), to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national edition of Investors' Business Daily; and

(c) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' Counsel shall serve on counsel for the Settling Defendants and file with the Court proof by affidavit or declaration of such mailing and publishing.

7. **Approval of Form and Content of Notice** – The Court: (a) approves, as to the form and content, the Notice, the Proof of Claim Form, the Summary Notice and the Plan of Allocation attached hereto as Exhibits 1, 2, 3 and 4, respectively; and (b) finds that the mailing and distribution of the Notice Packet and the publication of the Summary Notice in the manner and form set forth in Paragraph 6 of this Order: (i) is the best notice reasonably practicable under the circumstances; (ii) constitutes notice that is reasonably calculated,

5

under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases contained therein) and of their rights to object to the proposed Settlement, exclude themselves from the Settlement Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4, *et seq.*) (the "PSLRA"), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8. **Nominee Procedures** – Brokers and other nominees who purchased or acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes Due 2012 or Refco, Inc. common stock during the Class Period for the benefit of another person or entity shall be requested to forward the Notice Packet to all such beneficial owners within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

9. **Participation in Settlement** – Settlement Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Settlement maintained in the Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Plaintiffs' Counsel may, at their discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Proof of Claim Form, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

10. Any Settlement Class Member that does not timely and validly submit a Proof of Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Total Settlement Fund, as defined in the Notice; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Order and Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Notice.

11. **Exclusion from the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class shall request exclusion in writing within the time and in the manner set forth in the Notice. Any such

request for exclusion shall be mailed or delivered such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, to: *Refco Securities Litigation,* c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 9087, Dublin, Ohio 43017-0987, as provided in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time provided and in the manner specified in the Notice. Any request for exclusion that does not comply with the prerequisites for exclusion will be invalid.

12. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order (as more fully described in the Notice) and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement and shall have no right to participate in the distribution of the Net Total Settlement Fund, other than that portion of the fund that relates to the previously approved settlement.

13. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by all proceedings, determinations, orders and judgments in the Action relating to the proposed Settlement, including, but not limited to, the Final Order and Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Notice.

14. **Appearance and Objections to the Proposed Settlement, the Plan of Allocation and/or the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses** – Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice by filing with the Clerk of Court and delivering a notice of appearance to both Lead Plaintiffs' Counsel and the Settling Defendants' Counsel listed in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Plaintiffs' Counsel.  Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of litigation expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of litigation expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of litigation expenses unless that person or entity has filed written objections with the Court and served copies of such objections in the manner provided in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing on:

>    Greg A. Danilow
>    Weil Gotshal & Manges LLP
>    767 Fifth Avenue
>    New York, NY 10153

> Megan D. McIntyre
> Grant & Eisenhofer P.A.
> 1201 N. Market Street
> Wilmington, DE 19801
>
> Salvatore J. Graziano
> Bernstein Litowitz Berger & Grossmann LLP
> 1285 Avenue of the Americas
> New York, NY 10019

15. Any objections, filings and other submissions by the objecting Settlement Class Member must contain a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention as well as documents sufficient to show the number of shares of Refco common stock and/or face value of the 9% Senior Subordinated Notes purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale.

16. Any member of the Settlement Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlement, the Plan of Allocation and the request for attorneys' fees and reimbursement of litigation expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and expense reimbursement, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the attorneys fees and expense reimbursement request in this or any other proceeding.

17. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action involving the Settling Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending the Settlement Hearing, the

Court enjoins Lead Plaintiffs and all Settlement Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Settlement Class Members as well as in administering the Settlement Fund shall be paid as set forth in the Stipulation.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Lead Plaintiffs' Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved or the Effective Date does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the Settlement Class Members and the Settling Defendants, all of whom shall be restored to their respective positions in the Action as of January 19, 2010.

22. **Use of this Order** –This Order, the proposed Settlement, the Stipulation and any and all of their terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any of the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Lead Plaintiffs or the merits of any of their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class or that the damages recoverable from the Settling Defendants would not have exceeded the Settlement Amount;

23. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement no later than thirty-five (35) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. **Attorneys' Fees and Expenses** – Notwithstanding paragraph 6.3 of the Stipulation, the parties understand that the Court will authorize payment to Lead Plaintiffs' Counsel of 50% of any attorneys' fees awarded and 100% of approved expenses immediately upon entry of an Order approving attorneys' fees and reimbursement of expenses, with payment of the 50% balance of the attorneys' fees awarded to be made to Lead Plaintiffs'

Counsel when distribution of the proceeds of the Net Total Settlement Fund to claimants has been very substantially completed.

25.    The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.


SO ORDERED this 30th day of July, 2010

_____
The Honorable Jed S. Rakoff
United States District Judge

# 436488