UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :   05 Civ. 8626 (JSR)
In re REFCO, INC. SECURITIES LITIGATION                      :
                                                             :
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/10

## [PROPOSED] ORDER APPROVING
## PLAN OF ALLOCATION OF NET TOTAL SETTLEMENT FUND

This matter came for hearing on October 27, 2010 (the "Settlement Hearing") on Lead Plaintiffs' Motion to determine, among other things, whether the proposed Plan of Allocation of the Net Total Settlement Fund ("Plan of Allocation") created by the settlements achieved in the above-captioned consolidated securities class action (the "Action") should be approved.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notices of the Settlement Hearing substantially in the form approved by the Court were mailed to all Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Settlement Class, and that summary notices of the hearing substantially in the form approved by the Court were published in *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation.

IT IS HEREBY ORDERED, that:

1. This Order approving the Plan of Allocation incorporates by reference the definitions in the Stipulations and Agreements of Settlement (the "Settlement Stipulations") and

all terms used herein shall, with respect to the respective Settlement Stipulations, have the same meanings as set forth in the applicable Settlement Stipulation or in the Notices.[1]

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules.

4. More than 40,000 copies of the Notices and the Plan of Allocation were mailed to potential Settlement Class Members and there are no objections to the proposed plan.[2]

5. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants as set forth in the Plan of Allocation mailed to Settlement Class

---

[1] The Settlement Stipulations are: the Stipulation and Agreement of Settlement dated as of February 13, 2007 with defendant BAWAG; the Stipulation and Agreement of Settlement Between Lead Plaintiffs and Defendant Sandler O'Neill & Partners, L.P. dated as of October 10, 2008; the Amended Stipulation and Agreement of Settlement dated March 29, 2010 and amended on May 3, 2010 with the THL and Audit Committee Defendants; and the Stipulation and Agreement of Settlement Between Lead Plaintiffs and the Settling Underwriter Defendants dated as of April 20, 2010.

[2] One objection to the proposed Plan of Allocation was submitted but it was subsequently withdrawn after it was explained to the objector that his objection was premised on a mistaken understanding of the facts.

Members provides a fair and equitable basis upon which to allocate the proceeds of the Net Total Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and equitable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiffs.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
       10/27, 2010

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

3