*Roll off, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                               :
In re REFCO, INC. SECURITIES LITIGATION  :
                               :
------------------------------------------------------------ x

05 Civ. 8626 (JSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/10

**[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT WITH DEFENDANT GRANT THORNTON LLP
AND PROPOSED SETTLEMENT WITH DEFENDANTS
JOSEPH J. MURPHY, DENNIS A. KLEJNA AND WILLIAM M. SEXTON**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Refco, Inc. Securities Litigation*, No. 05 Civ. 8626 (JSR) (S.D.N.Y.) (the "Action"); and

WHEREAS, Lead Plaintiffs RH Capital Associates LLC and Pacific Investment Management Company LLC ("Lead Plaintiffs"), on behalf of themselves and the class of persons and entities defined below, and defendant Grant Thornton LLP ("Grant Thornton") have determined to settle all claims asserted against Grant Thornton in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement Between Lead Plaintiffs and Grant Thornton LLP dated October 18, 2010 (the "Grant Thornton Stipulation") subject to approval of this Court; and

WHEREAS Lead Plaintiffs and defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton ("Settling Officer Defendants") have determined to settle all claims asserted against the Settling Officer Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement Between Lead Plaintiffs and Defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton dated September 30, 2010 (the "Officers Stipulation") subject to the approval of this Court[1]; and

---

[1] Grant Thornton and the Settling Officer Defendants are collectively referred to herein as the "Settling Defendants" and together with Lead Plaintiffs are collectively referred to herein as the

WHEREAS, the Settling Parties have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the respective Stipulations, preliminarily certifying the Settlement Class as against the Settling Defendants for purposes of the Settlements and allowing notice to the Settlement Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Second Amended Consolidated Class Action Complaint, filed in this Action on December 3, 2007; (b) Lead Plaintiffs' motion for preliminary approval of the Settlements, and the papers filed and arguments made in connection therewith; and (c) the Stipulations and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the respective Stipulations;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Class Certification As Against Settling Defendants for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulations and effectuating the proposed Settlements as against the Settling Defendants, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes due 2012 (CUSIP Nos. 75866HAA5 and/or 75866HAC1) and/or common stock of Refco (CUSIP No. 75866G109) during the period July 1, 2004 through and including October 17, 2005, and who were damaged thereby. Excluded from the Settlement Class are: (a) Refco; (b) the Defendants; (c) any person or entity who was a partner, executive officer, director, controlling person, subsidiary, or affiliate of Refco or of any

"Settling Parties." The Grant Thornton Stipulation and the Officers Stipulation are collectively referred to herein as the "Stipulations," and the proposed settlements set forth in the respective Stipulations are collectively referred to herein as the "Settlements."

Defendant during the Class Period; (d) immediate family members of the individual Defendants; (e) entities in which Refco or any Defendant has a Controlling Interest; and (f) the legal representatives, heirs, estates, administrators, predecessors, successors or assigns of any of the foregoing excluded persons and entities; provided however that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Settlement Class is any person and/or entity who or which properly previously excluded himself, herself or itself from the Settlement Class or now properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice to be sent to Settlement Class Members pursuant to this Order. If either or both of the proposed Settlements are terminated for any reason or final approval is not granted by the Court, this preliminary certification of the Action as a class action against the affected Settling Defendant(s) shall be automatically vacated.

2.     **Class Findings** – Solely for purposes of the proposed Settlements of this Action as against Settling Defendants (and without any adjudication on the merits), the Court preliminarily finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure as against the Settling Defendants has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. ("Co-Lead Counsel") have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a

class action is superior to other available methods for the fair and efficient adjudication of the Action as against the Settling Defendants.

3.   **Preliminary Approval of Settlements** – The Court hereby preliminarily approves the Settlements, as embodied in the respective Stipulations, as being fair, reasonable and adequate as to the Settlement Class members, subject to further consideration at the Settlement Hearing to be conducted as described below.

4.   **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on __March 11__, 201_ at _4:00_ pm. in Courtroom 14B of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY, 10007, for the following purposes: (a) to determine whether the proposed Settlements on the terms and conditions provided for in the respective Stipulations are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether the Settlement Class should be finally certified as against the Settling Defendants for purposes of the Settlements; (c) to determine whether Judgments substantially in the form attached as Exhibit B to the respective Stipulations should be entered dismissing the Action with prejudice against the respective Settling Defendants; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlements.  Notice of the Settlements and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 6 of this Order.

4

5.      The Court may adjourn the Settlement Hearing and approve the proposed Settlements with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

6.      **Retention of Claims Administrator and Manner of Notice** – Co-Lead Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.  Notice of the Settlements and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)      not later than thirty calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice substantially in the form attached hereto as Exhibit 1 and the Plan of Allocation approved by this Court in connection with previously achieved settlements in this Action as updated for the settlements achieved with the Settling Defendants in the form attached hereto as Exhibit 4 (collectively, the "Notice Packet"), to be mailed by first-class mail to all Settlement Class Members who were identified in connection with the mailing of notice of the previously achieved partial settlements in this Action;

(b)      not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Publication Notice, substantially in form attached hereto as Exhibit 3, to be published once in the national edition of Investors' Business Daily; and

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, the Publication Notice, and the updated Plan of Allocation, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Notice Packet and the publication of the Publication Notice in the manner and form set forth in Paragraph 6 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlements (including the releases contained therein) and of their right to object to the proposed Settlements, exclude themselves from the Settlement Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

8.    **Nominee Procedures** – Brokers and other nominees who purchased or acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes Due 2012 or Refco, Inc. common stock during the Class Period for the benefit of another person or entity and who, in connection with the notice of the previously achieved partial settlements in the Action, elected to mail those notices to the beneficial owners shall be requested to forward the Notice Packet to all such beneficial owners within seven (7) calendar days after receipt thereof; or, if they did not mail the earlier notices of settlement directly to beneficial owners and did not send a list of the names and addresses of such beneficial owners to the Claims Administrator in connection with

the earlier provided notice, they shall within seven (7) calendar days of receipt of the Notice Packet (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners; or (ii) request copies of the Notice Packet from the Claims Administrator to mail directly to such beneficial owners within sever (7) calendar days.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds in accordance with the provisions of the respective Stipulations.

        9.      **Participation in Settlement** – Settlement Class Members who wish to participate in the Settlements and receive a distribution from the proceeds of the Settlements maintained in the respective Settlement Funds must either have completed and submitted the Proof of Claim disseminated in connection with the previously achieved partial settlements in accordance with the instructions contained therein, or must now complete and submit the Proof of Claim approved by this Order in accordance with the instructions contained therein.  The Proof of Claim form approved by this Order shall be available for downloading from the Claims Administrator's website and from the website maintained by Co-Lead Counsel for the Action, www.refcosecuritieslitigation.com.  Settlement Class Members shall also be able to request a copy of the Proof of Claim by calling the toll-free number maintained by the Claims Administrator.  Unless the Court orders otherwise, all newly submitted Proofs of Claim must be postmarked no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late claims provided

such acceptance does not delay the distribution of the Net Settlement Funds to the Settlement Class.  By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlements.

10.     Any Settlement Class Member that does not timely and validly submit a Proof of Claim or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Funds, as defined in the Notice; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulations and the Settlements and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgments and the respective releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Plaintiffs' Claims as defined in the respective Stipulations against each and all of the Grant Thornton Releasees as defined in the Grant Thornton Stipulation and each and all of the Released Defendant Persons as defined in the Officers Stipulation, as applicable, as more fully described in the Notice.

11.     **Exclusion From the Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class shall request exclusion in writing within the time and in the manner set forth in the Notice.  Any such request for exclusion shall be mailed or delivered such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, to: *Refco Securities Litigation,* c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 9087, Dublin, Ohio 43017-0987, as provided in the Notice.  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time

8

provided and in the manner specified in the Notice. Any request for exclusion that does not comply with the prerequisites for exclusion will be invalid.

12.    Any person or entity who or which, in connection with the earlier achieved partial settlements in this Action was previously excluded from the Settlement Class by Order of this Court or who or which now timely and validly requests exclusion in compliance with the terms stated in this Order (as more fully described in the Notice) and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlements and shall have no right to participate in the distribution of the Net Settlement Funds or any subsequent recoveries that might be obtained in the Action.

13.    Any Settlement Class Member who or which was not previously excluded from the Settlement Class by Order of this Court and who or which does not now timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlements; (b) shall be forever barred from requesting exclusion from the Settlement Class; (c) shall be bound by all proceedings, determinations, orders and judgments in the Action relating to the proposed Settlements, including, but not limited to, the Judgments and the respective releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Plaintiffs' Claims as defined in the respective Stipulations against any of the Grant Thornton Releasees as defined in the Grant Thornton Stipulation or any of the Released Defendant Persons as defined in the Officers Stipulation, as applicable, as more fully described in the Notice.

14.    **Appearance and Objections at Fairness Hearing** – Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or

through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Settling Defendants' Counsel listed in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

15.     Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlements and/or the motion for an award of attorneys' fees and reimbursement of litigation expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlements and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements and/or the motion for attorneys' fees and reimbursement of litigation expenses unless that person or entity has filed written objections with the Court and served copies of such objections in the manner provided in the Notice such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing on each of the following:

Megan D. McIntyre
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801

Salvatore J. Graziano
Bernstein Litowitz Berger &
   Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

and with respect to the Grant Thornton Settlement on:

Bruce R. Braun
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601

and with respect to the Officers Settlement on each of the following:

| Helen B. Kim | Ivan Kline | Matthew J. Sava |
|---|---|---|
| Katten Muchin Rosenman | Friedman & Wittenstein | Shapiro Forman Allen |
| LLP | A Professional Corporation | & Sava LLP |
| 2029 Century Park East | 600 Lexington Avenue | 380 Madison Avenue |
| Suite 2600 | New York, NY 10022 | New York, NY 10017 |
| Los Angeles, CA 90067-3012 | | |

15.     Any objections, filings and other submissions by the objecting Settlement Class Member must contain a statement of his, her or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention as well as documents sufficient to show the number of shares of Refco common stock and/or face value of the 9% Senior Subordinated Notes purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale.

16.     Any member of the Settlement Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlements and the request for attorneys' fees and reimbursement of litigation expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlements or the requested attorneys' fees and expense reimbursement, or from otherwise being heard concerning the Settlements or the attorneys' fees and expense reimbursement request in this or any other proceeding.

17.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action involving the Settling Defendants other than proceedings necessary to carry out or enforce the terms and conditions of the respective Stipulations. Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all Settlement Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Settled Plaintiffs' Claims as defined in the respective Stipulations against each and all of the

11

Grant Thornton Releasees as defined in the Grant Thornton Stipulation and each and all of the Released Defendant Persons as defined in the Officers Stipulation as applicable

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Settlement Class Members as well as in administering the Settlements Fund shall be paid as set forth in the respective Stipulations.

19. **Settlement Funds** – The contents of the Settlement Funds held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

20. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Funds, to pay from each respective Settlement Fund any Taxes owed with respect to that Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulations.

21. **Termination of Settlements** – If either or both of the Stipulations are terminated, either of both Settlements are not approved, or the Effective Date does not occur as to either or both of the Settlements, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the Settlement Class Members and the affected Settling Defendants, all of whom shall be restored to their respective positions in the Action as of August 22, 2010.

22. **Use of this Order** –This Order, the proposed Settlements, the Stipulations and any and all of their respective terms (and all negotiations, discussions and proceedings in

connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the respective proposed Settlements; (b) shall not be described as, construed as, interpreted as or offered or received against the respective Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by the respective Settling Defendants as to any liability, negligence, fault, wrongdoing on its part or the validity of any claim by Lead Plaintiffs or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class or that the damages recoverable from the respective Settling Defendants would not have exceeded the respective Settlement Amounts.

23.     **Supporting Papers** – Co-Lead Counsel shall file and serve papers in support of the proposed Settlements no later than thirty-five (35) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     **Attorneys' Fees and Expenses** – The Court will authorize payment to Co-Lead Counsel of 50% of any attorneys' fees awarded and 100% of approved expenses immediately upon entry of an Order approving attorneys' fees and reimbursement of expenses, with payment of the balance of the attorneys' fees awarded to be made to Co-Lead Counsel when distribution of the proceeds of the Net Settlement Funds to claimants has been very substantially completed.

25.     The Court retains jurisdiction to consider all further applications arising out of the proposed Settlements.

SO ORDERED this _12th_ day of _November_, 2010.

_____
The Honorable Jed S. Rakoff
United States District Judge

# 478346