UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
                                                             :
In re REFCO, INC. SECURITIES LITIGATION   :   05 Civ. 8626 (JSR)
                                                             :
                                                             :
------------------------------------------------------------ x

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN
FURTHER SUPPORT OF (A) LEAD PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF SETTLEMENTS WITH GRANT THORNTON LLP AND THE
SETTLING OFFICER DEFENDANTS, AUTHORIZATION OF APPLICATION OF
THE PREVIOUSLY APPROVED PLAN OF ALLOCATION TO THE ADDITIONAL
SETTLEMENTS AND FINAL CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| **GRANT & EISENHOFER P.A.** | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| Stuart M. Grant | Max W. Berger |
| James J. Sabella | Salvatore J. Graziano |
| Brenda F. Szydlo | John C. Browne |
| 485 Lexington Avenue, 29th Floor | Jeremy P. Robinson |
| New York, NY 10017 | 1285 Avenue of the Americas |
| Telephone: (646) 722-8500 | New York, NY 10019 |
| Facsimile: (646) 722-8501 | Telephone: (212) 554-1400 |
| | Facsimile: (212) 554-1444 |
| - and - | |
| Megan D. McIntyre | |
| Christine M. Mackintosh | |
| 1201 North Market Street | |
| Wilmington, DE 19801 | |
| Telephone: (302) 622-7000 | |
| Facsimile: (302) 622-7100 | |

*Co-Lead Counsel for Lead Plaintiffs Pacific Investment
Management Company, LLC and RH Capital Associates LLC and the Putative Class*

Lead Plaintiffs RH Capital Associates LLC ("RH Capital") and Pacific Investment Management Company LLC ("PIMCO") and Lead Counsel respectfully submit this memorandum of law in further support of Lead Plaintiffs' motion for (i) final approval of the proposed settlements with defendant Grant Thornton LLP ("Grant Thornton") and defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton (the "Settling Officer Defendants") (the "Additional Settlements"); (ii) authorization to apply the previously approved Plan of Allocation to the Additional Settlements; and (iii) final certification of the Settlement Class for purposes of the Additional Settlements; and in further support of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.[1]

## PRELIMINARY STATEMENT

Lead Plaintiffs and Lead Counsel are pleased to advise the Court that there is ***not a single objection*** to the proposed Additional Settlements or to Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and there have been ***no requests for exclusion*** submitted by any Settlement Class Member in connection with the Additional Settlements.

As set forth in the Affidavit of Stephen J. Cirami Regarding (A) Mailing of the Notice Packet for the Additional Settlements; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion (the "Cirami Affidavit", attached hereto as Exhibit 1), the Claims Administrator, The Garden City Group, Inc. ("GCG"), provided notice of the proposed Additional Settlements in accordance with the directions set forth in the Preliminary Approval Order. *See* Ex. 1, Cirami Affidavit at ¶¶ 7-11. On December 15, 2010, GCG mailed 40,508 copies of the Notice Packet – consisting of the Notice of (I) Proposed Settlement of Class Action

---

[1] Unless otherwise noted, capitalized terms shall have the meanings set out in the Joint Declaration of Salvatore J. Graziano and Megan D. McIntyre, dated February 4, 2011 (Dkt. 775).

1

with Defendants Grant Thornton LLP, Joseph J. Murphy, Dennis A. Klejna and William M. Sexton, (II) Hearing on Proposed Settlement and (III) Motion for Award of Attorneys' Fees and Reimbursement of Expenses (the "Notice") and the Approved Plan of Allocation Updated to Apply to Settlements Achieved with Defendants Grant Thornton LLP, Joseph J. Murphy, Dennis A. Klejna and William M. Sexton (the "Updated Plan of Allocation") – to potential Settlement Class Members and nominees who had been identified in connection with the mailing of notices of the settlements previously achieved in the Action.  *See id*. at ¶ 8.  From December 16, 2010 through February 25, 2011, GCG mailed an additional 2,747 Notice Packets, bringing the total number mailed as of February 25, 2011 to 43,265.  *See id*. at ¶¶ 9-10.  In addition, the Summary Notice was published in *Investor's Business Daily* on December 21, 2010 in accordance with the Preliminary Approval Order.  *Id*. at ¶ 11.[2]

The Notice set out the essential terms of the Additional Settlements and informed potential Settlement Class Members of their rights to opt out of the Settlement Class or object to the Additional Settlements and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.  *See* Exhibit A to the Cirami Affidavit.  As set forth in the Notice and as directed by the Court in the Preliminary Approval Order, any objections to the Additional Settlements or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses or any requests for exclusion from the Additional Settlements were required to be submitted so as to be received no later than 20 calendar days prior to the March 11, 2011 final

---

[2] The Notice informed Settlement Class Members that if they had submitted a Proof of Claim in connection with the previous settlements in the Action, they were not required to submit another Proof of Claim to participate in the Additional Settlements.  If Settlement Class Members had not previously submitted a Proof of Claim, they were advised that they could download a copy at www.refcosecuritieslitigation.com or call the Claims Administrator's toll-free number and request that a Proof of Claim be mailed to them.

2

approval hearing, *i.e.*, by February 19, 2011. *Id.* That deadline has now passed. As set forth above, there are no objections to the Additional Settlements or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and there have been no requests for exclusion by Settlement Class Members received in connection with the Additional Settlements.[3]

## THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE ADDITIONAL SETTLEMENTS AND THE REQUESTED ATTORNEYS' FEE AND EXPENSE AWARD

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers in support of the proposed Additional Settlements and the request for attorneys' fees and reimbursement of expenses demonstrate why approval of each motion is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Class powerfully buttresses that conclusion. The fact that there are no objections and there were no requests for exclusion submitted in response to the Additional Settlements is a strong indication that the Additional Settlements are fair and in the best interests of the Settlement Class and that Lead Counsel's request for fees and expenses is reasonable.

In considering approval of a proposed class action settlement, the reaction of the class is the second factor listed by the Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). As stated in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our Grinnell inquiry." Accordingly, courts are particularly inclined to approve a class action settlement as fair and reasonable when, as here,

---

[3] One individual who previously requested exclusion from the Settlement Class in connection with the Initial Settlements will be excluded from the Settlement Class for the purposes of the Additional Settlements as well. The 300 shares of common stock purchased by that individual during the Class Period represent a tiny fraction of the shares eligible to participate in the Settlement Class.

not a single objection has been lodged. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) (where more than 43,450 notices were mailed to class members, the lack of objections or opt-outs was an "exceptionally strong indication of the fairness of the Settlement"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement."); *Maley v. Del. Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) (the fact that "not a single objection to the Settlement was received" and that there were very few exclusions from the class was "strong evidence that the Settlement is fair, reasonable, and adequate").

The fact that there have been no objections from the Settlement Class also strongly supports Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The reaction of class members to an application for fees and expenses "is entitled to great weight by the Court" and the absence of any objections "suggests that [a] fee request is fair and reasonable." *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007). *See also Flag Telecom*, 2010 WL 4537550, at *29 ("the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee"); *Maley*, 186 F. Supp. 2d at 374 (the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application").

## **CONCLUSION**

For the reasons set forth herein and in Lead Plaintiffs' and Lead Counsel's initial memoranda of law, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Additional Settlements as fair, reasonable and adequate, approve the application of the Plan of Allocation to the Additional Settlements, finally certify the Settlement Class for purposes of the Additional Settlements, and approve Lead Counsel's request for attorneys' fees and reimbursement of expenses.

Dated: New York, New York
       March 3, 2011

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

   /s/ James J. Sabella
Stuart M. Grant
James J. Sabella
Brenda F. Szydlo
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

   - and -

Megan D. McIntyre
Christine M. Mackintosh
1201 North Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

   /s/ Salvatore J. Graziano
Max W. Berger
Salvatore J. Graziano
John C. Browne
Jeremy P. Robinson
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

#517896.6