```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-22-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :   05 Civ. 8626 (JSR)
In re REFCO, INC. SECURITIES LITIGATION                        :
                                                               :
-------------------------------------------------------------- x

## ⟨a⟩ [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came for hearing on March 11, 2011 (the "Settlement Hearing") on the motion of Lead Counsel to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") additional fees and reimbursement of expenses not previously applied for.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court were mailed to all Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order Awarding Attorneys' Fees and Expenses incorporates by reference the definitions in the Stipulation and Agreement of Settlement between Lead Plaintiffs and Grant Thornton LLP dated October 18, 2010 and the Stipulation and Agreement of Settlement between Lead Plaintiffs and Defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton dated

September 30, 2010 (together, the "Settlement Stipulations") and all terms not otherwise defined herein shall, with respect to the respective Settlement Stipulations, have the same meanings as set forth in the applicable Settlement Stipulation or the Notice.

2. The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's application for additional attorneys' fees and reimbursement of expenses not previously applied for was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules;

4. Lead Counsel are hereby awarded attorneys' fees in the amount of $ 4,532,273.27 and $ 120,704.06 in reimbursement of litigation expenses (which shall be paid from the Settlement Funds) with interest on such fees and expenses at the same rate as earned by the Settlement Funds from the dates the Settlement Funds were funded to the date of payment, which sums the Court finds to be fair and reasonable. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5. Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order. Payment of the balance of the attorneys'

fees awarded shall be made to Lead Counsel when distribution of the proceeds of the Current Net Total Settlement Fund to claimants has been very substantially completed.

      6.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

      (a)      The Additional Settlements have created a total settlement amount of $25,300,000 in cash that is already on deposit and has been earning interest, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Additional Settlements created by the efforts of Lead Counsel;

      (b)      The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

      (c)      To date, over 43,000 copies of the Notice were disseminated to putative Settlement Class Members stating that Lead Counsel were moving for reimbursement of expenses which were incurred in connection with the prosecution and resolution of the Action and which were not applied for in connection with the earlier achieved settlements, in an amount not to exceed $200,000, with interest thereon at the same rate as earned by the Settlement Funds, and for an award of attorneys' fees to be paid from the Settlement Funds in the amount of 18% of the net amount of the Settlement Amounts after reimbursement of litigation expenses, with interest thereon at the same rate as earned by the Settlement Funds and no Settlement Class Member objected to Lead Counsel's fee and expense application;

      (d)      Lead Counsel have conducted the litigation and achieved the Additional Settlements with skill, perseverance and diligent advocacy;

3

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had the Additional Settlements not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Settling Defendants; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases as is the overall award of attorneys' fees and expenses reimbursed in the Action.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Additional Settlements or any of the previous settlements in this Action.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

9. In the event that any of the Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of the applicable Settlement Stipulation(s), this Order shall be rendered null and void to the extent provided by the applicable Stipulation(s) and shall be vacated in accordance with the terms of the applicable Stipulation(s).

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated:    New York, New York
          3/22, 2011

                                              _____
                                              HONORABLE JED S. RAKOFF
                                              UNITED STATES DISTRICT JUDGE

# 519033