```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-22-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                            :   05 Civ. 8626 (JSR)
In re REFCO, INC. SECURITIES LITIGATION                     :
                                                            :
                                                            :
------------------------------------------------------------ x

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH DEFENDANTS JOSEPH J. MURPHY, DENNIS A. KLEJNA AND WILLIAM M. SEXTON

WHEREAS, Lead Plaintiffs RH Capital Associates and Pacific Investment Management Company LLC ("Lead Plaintiffs"), on behalf of themselves and the class of persons and entities defined below, and defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton ("Officer Defendants" or "Settling Defendants") entered into a Stipulation and Agreement of Settlement between Lead Plaintiffs and Joseph J. Murphy, Dennis A. Klejna and William M. Sexton dated September 30, 2010 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against the Officer Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation; and

WHEREAS, by Order dated November 12, 2010, (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement and certified the Settlement Class as against the Officer Defendants for purposes of effectuating the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from or to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Settlement Class; and

WHEREAS, the Court conducted a hearing on March 11, 2011 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Officer Defendants (the "Settlement Hearing"); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment Approving Class Action Settlement With Defendants Joseph J. Murphy, Dennis A. Klejna and William M. Sexton incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 18, 2010; and (b) the Notice and the Publication Notice, both of which were filed with the Court on October 18, 2010.

3. **Settlement Class Findings:** With respect to the Settlement Class set forth below, this Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against the Officer Defendants by Lead Plaintiffs and the Settlement Class that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs

in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. ("Lead Plaintiffs' Counsel") have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. **Final Settlement Class Certification:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies solely for the purpose of effectuating this Settlement, a class of all persons and entities who purchased or otherwise acquired Refco Group Ltd., LLC/Refco Finance Inc. 9% Senior Subordinated Notes due 2012 (CUSIP Nos. 75866HAA5 and/or 75866HAC1) and/or common stock of Refco (CUSIP No. 75866G109) during the period July 1, 2004 through and including October 17, 2005, and who were damaged thereby. Excluded from the Settlement Class are: (i) Refco; (ii) the Defendants; (iii) any person or entity who was a partner, executive officer, director, controlling person, subsidiary, or affiliate of Refco or of any Defendant during the Class Period; (iv) immediate family members of the individual Defendants; (v) entities in which Refco or any Defendant has a Controlling Interest; and (vi) the legal representatives, heirs, estates, administrators, predecessors, successors or assigns of any of the foregoing excluded persons or entities; provided however that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Settlement Class is Douglas Bragan, who properly previously excluded himself from the Settlement Class as reflected in the prior judgments entered in this Action.

5. **Adequacy of Representation:** Lead Plaintiffs and Lead Plaintiffs' Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure

3

23(a)(4) and 23(g). For purposes of the Settlement only, the Lead Plaintiffs are certified as class representatives on behalf of all Settlement Class Members and the law firms of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. are certified as Settlement Class counsel.

6. **Notice:** The Court finds that the distribution of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Plaintiffs' Counsel's motion for reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of their right to object to the Settlement and/or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, *et seq.*) (the "PSLRA"), and all other applicable law and rules.

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs and the Settlement Class.

8. The Action and all of the claims against the Officer Defendants by the Settlement Class Members and Lead Plaintiffs are hereby dismissed on the merits and with prejudice, as of the Effective Date. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiffs and all Settlement Class Members, as well as all of their successors and assigns. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. **Releases:** The releases as set forth in Paragraphs 3 and 4 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Lead Plaintiffs on behalf of themselves, and each Settlement Class Member by operation of this Judgment, shall be deemed to have released and forever discharged each and every Settled Plaintiffs' Claim as against the Released Defendant Persons and shall forever be barred and enjoined from filing, commencing, instituting, prosecuting, intervening in any proceeding to assert, or maintaining any of the Settled Plaintiffs' Claims against any of the Released Defendant Persons. The provisions of this paragraph do not operate to preclude any plaintiff or claimant from making any claims (other than against the Released Defendant Persons) with respect to any funds made available as a result of the Refco bankruptcy. Moreover, nothing in this paragraph is intended to release any claims against any Non-Settling Defendant.

(b) Settling Defendants by operation of this Judgment, shall be deemed to have released and forever discharged each and every Settled Defendants' Claim as against the Released

Plaintiff Persons, and shall forever be barred and enjoined from filing, commencing, instituting, prosecuting, intervening in any proceeding to assert, or maintaining any of the Settled Defendants' Claims against any of the Released Plaintiff Persons.

11.  **PSLRA Bar Order:** The Court hereby permanently bars, enjoins, and restrains, to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, all claims for contribution arising out of the Action (a) by any person or entity against Settling Defendants; and (b) by Settling Defendants against any person or entity other than a person whose liability to the Settlement Class has been extinguished by this Settlement.

12.  **Bar Order:** The Court hereby (a) permanently bars, enjoins, and restrains the Non-Settling Defendants and any other person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Released Defendant Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Released Defendant Persons from commencing, prosecuting, or asserting any Barred Claims against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to this Settlement, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; provided, however, that Barred Claims shall not be subject to the Bar Order if they seek to recover for alleged liability to a person or entity who timely opts out of this Settlement and does not revoke that request for exclusion within the applicable time period.

13. **Judgment Reduction:** Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against a Non-Settling Defendant or Non-Settling Defendants, shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (ii) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or any Settlement Class Member for common damages.

14. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Lead Plaintiffs and Lead Plaintiffs' Counsel adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement.

15. **No Admissions:** Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statement referred to therein shall be:

(a) admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment;

(b) described as, construed as, offered or received against the Settling Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Settling Defendants of: the truth of any fact alleged by Lead Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of Settling Defendants;

(c) described as, construed as, offered or received against Lead Plaintiffs or any Settlement Class Members as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class or that damages recoverable in the Action would not have exceeded the Settlement Amount;

(d) described as, construed as, offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding, provided, however, that (i) if it is necessary to refer to the Stipulation or this Judgment to effectuate the provisions of the Stipulation or this Judgment, they may be referred to in such proceedings, and (ii) the Released Defendant Persons may refer to the Stipulation and this Judgment to effectuate the liability protection granted them thereunder; or

(e) described as or construed against Settling Defendants, Lead Plaintiffs or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Lead Plaintiffs or Settlement Class Members after trial.

16. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or expenses by Lead Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; and (d) the Settlement Class Members for all matters relating to the Action.

17. Any plan of allocation submitted by Lead Plaintiffs' Counsel or any order entered regarding any motion for attorneys' fees and expenses filed by Lead Plaintiffs' Counsel shall in no

8

way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment as against the Settling Defendants. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Defendants pursuant to Federal Rule of Civil Procedure 54(b).

20. **Termination:** If the Effective Date does not occur or the Stipulation is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 22nd day of March, 2011.

THE HONORABLE JED S. RAKOFF
United States District Judge

#485820