UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
In re REFCO, INC. SECURITIES LITIGATION   :   05 Civ. 8626 (JSR)
:
:
------------------------------------------------------------ x

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiffs, on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Funds in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Cirami Declaration"), and Lead Plaintiffs' Memorandum in Support of Motion for Approval of Distribution Plan, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Cirami Declaration and in the several stipulations and agreements of settlement that Lead Plaintiffs have entered with defendants in the Action (the "Stipulations") and all terms used herein shall have the same meanings as set forth in the Cirami Declaration and the Stipulations.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiffs' plan for distribution of the Net Settlement Funds to Authorized Claimants is **APPROVED**. Accordingly,

   a. The administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG") to accept the Timely Eligible Claims

set forth in Exhibit B-1 to the Cirami Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Cirami Declaration, are adopted;

b. The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient claims, as set forth in Exhibit B-3 to the Cirami Declaration, are adopted;

c. GCG is directed to conduct an Initial Distribution of the Net Settlement Funds to the Authorized Claimants, as set forth in subparagraphs 49(b)-(e) of the Cirami Declaration;

d. In order to encourage Authorized Claimants to cash their Initial Distribution checks promptly and to avoid or reduce future expenses relating to unpaid Initial Distribution checks, all Initial Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

e. Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and the funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlements;

f. When GCG has completed the processing of the Claims-in-Process, Lead Counsel shall move this Court for approval of GCG's determinations with respect to those claims (as well as claims as to which judicial review has been requested); and upon entry of an order approving claims for payment, GCG shall make a distribution to those claimants, as

further detailed in paragraph 49(h) of the Cirami Declaration, that will bring them in parity with the claimants approved for payment pursuant to this Order (the "Claims-in-Process Distribution");

g.  GCG shall conduct a second distribution of the Net Settlement Funds (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Funds, after the Initial Distribution and the Claims-in-Process Distribution (including the Reserve and the funds for all void stale-dated checks) and after deducting GCG's costs and expenses incurred in connection with administering the Settlements for which it has not yet been paid (including the costs of the Claims-in-Process Distribution and the estimated costs of such Second Distribution), and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, will be distributed to all Authorized Claimants from the Initial and Claims-in-Process Distributions who (1) were not Claims Paid in Full, (2) cashed their distribution payment, and (3) are entitled to at least $20 from the redistribution based on their *pro rata* share of the remaining funds.

h.  In order to allow a final distribution of any remaining Net Settlement Funds after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

i.  If cost effective, not less than six months after the Second Distribution is conducted, GCG shall conduct a further distribution of the Net Settlement Funds, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Funds and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, shall be distributed to Authorized

3

Claimants who cashed their Second Distribution checks and who would receive at least $20 in such further distribution, with additional redistributions thereafter in six-month intervals until GCG and Co-Lead Counsel determine that further redistribution is not cost-effective; and

ii. At such time as GCG and Co-Lead Counsel determine that further redistribution is not cost-effective, the balance of the Net Settlement Funds, after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Funds and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, shall be donated to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Co-Lead Counsel subject to approval or veto by the Court on any ground the Court deems appropriate.

i. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Funds, are hereby barred from making any further claims against the Net Settlement Funds, Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Co-Lead Counsel in connection with the administration or taxation of the Settlement Funds or Net Settlement Funds beyond the amount allocated to Authorized Claimants;

j. All of the fees and expenses incurred by GCG in connection with its administration of the Settlements and to be incurred in connection with the Initial

4

Distribution are approved; accordingly, Co-Lead Counsel shall direct payment of $465,891.72 out of the Settlement Funds to GCG for the unpaid balance of such fees and expenses; and

    k.    Paper copies of the Proofs of Claim and all supporting documentation may be destroyed one year after the Claims-in-Process Distribution, and electronic copies of the same may be destroyed three years after the final distribution.

    4.    This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

        5/1, 2011

                      HONORABLE JED S. RAKOFF
                      UNITED STATES DISTRICT JUDGE

#536985