Rakoff, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
                                                             :
In re REFCO, INC. SECURITIES LITIGATION                      :   05 Civ. 8626 (JSR)
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-30-11

## [PROPOSED] ORDER APPROVING PAYMENT OF ELIGIBLE CLAIMS-IN-PROCESS, LATE ADJUSTED CLAIMS, AND LATE SUBMITTED CLAIMS 

Lead Plaintiffs, on notice to Defendants' counsel, moved this Court for an order (i) approving the Claims Administrator's determinations regarding the acceptance and rejection of those claims that were referred to as "Claims-in-Process" in this Court's May 2, 2011 Order Approving Distribution Plan, so that distributions can be made in accordance with that May 2, 2011 Order to those claimants whose Claims-in-Process are eligible for payment, (ii) approving for payment certain claims that were rejected in the entirety or in part in the Court's May 2, 2011 Order but as to which the deficiencies have subsequently been cured, and (iii) approving for payment certain otherwise eligible claims that were submitted after the claims submission deadline and that are not included in the Claims-in-Process. The Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Approval of Payment of Eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims (the "Cirami Declaration"), and Lead Plaintiffs' Memorandum in Support of Motion for Approval of Payment of Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   This Order incorporates by reference the definitions in the Cirami Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiffs' Motion For Approval Of Payment of Eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims is **GRANTED**. Accordingly,

   a. The Court hereby adopts the administrative recommendation of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG") to accept the eligible Claim-in-Process set forth on Exhibit A-1 to the Cirami Declaration;

   b. The Court hereby adopts GCG's administrative recommendation to reject the wholly ineligible or otherwise deficient claims as set forth on Exhibits A-2 and C-2 to the Cirami Declaration;

   c. The Court hereby adopts GCG's administrative recommendations to accept the Late Adjusted Claims as set forth on Exhibit B to the Cirami Declaration, and hereby modifies its May 2, 2011 Order Approving Distribution Plan insofar as that Order authorized (i) rejection of the Late Adjusted Claims, or (ii) acceptance of the Late Adjusted Claims for Recognized Loss amounts less than those set forth on Exhibit B to the Cirami Declaration;

   d. The Court hereby adopts GCG's recommendation to approve the otherwise eligible Late Submitted Claims set forth on Exhibit C-1 to the Cirami Declaration;

   e. GCG is directed to conduct a Claims-in-Process Distribution in accordance with paragraph 3(f) of this Court's May 2, 2011 Order Approving Distribution Plan, using funds from the Reserve to bring the eligible Claim-in-Process, Late Adjusted Claims, and Late Submitted Claims (listed on Exhibits A-1, B and C-1 to the Cirami Declaration) into parity with the claims that were paid pursuant to the May 2, 2011 Order; provided, however, that GCG shall defer payment of Claim Nos. 5361, 8237, 9236, 9237, 9250, 1002063 and

1002112 (which have been identified by the Trustee of the Refco Private Actions Trust as claims that have been assigned, in part, to the Private Actions Trust) until the Trustee has notified those claimants of the assignment and afforded them an opportunity to object, in accordance with the procedures and timelines set forth in this Court's June 2, 2011 Order Modifying Distribution Plan (Docket No. 800), and until any such objections have been resolved.

f. All claimants who or which will receive payments pursuant to this Order shall be deemed Authorized Claimants.

g. In order to encourage the Authorized Claimants who or which will receive payments pursuant to this Order to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed distribution checks, all distribution checks with respect to the eligible Claim-in-Process, Late Adjusted Claims, and Late Submitted Claims shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

h. Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and the funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlements; and

i. The fees and expenses incurred and to be incurred by GCG as set forth in Exhibit D to the Cirami Declaration are approved; accordingly, Lead Counsel shall direct

payment of $36,027.85 out of the Reserve to GCG for the unpaid balance of such fees and expenses.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

_____9/29_____, 2011

HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

#577662

4